| | |
|---|---|
| 104 | 225 |
| 106 | 69 |

ALFRED SHRIMPTON & SONS, LIMITED, v. WOLF NETZORG.

| | |
|---|---|
| 104 | 225 |
| 155 | 103 |

*Sale—Fraud of vendor's agent—Evidence.*

1. Where the fact of the giving of an order for goods is not disputed, but the orderer defends upon the ground that he bargained for a smaller quantity of goods than that inserted in the order, which was signed upon the understanding that it was for the lesser quantity, it is competent for the orderer to testify to the conversation had with the agent when the order was taken, for the purpose of ascertaining whether or not the agent deceitfully inserted in the order a larger quantity of goods than that agreed upon.

2. A sufficient foundation for the introduction of parol proof of the contents of a letter claimed to have been lost is laid by the testimony of the party to whom the letter was written·

that he is not in the habit of keeping his letters; that he looked in the waste-basket for the letter, but was too late, as it, with other letters, had been destroyed.

3. In a suit to recover the purchase price of three great gross papers of pins which the plaintiff claimed to have shipped to the defendant upon his written order, the defendant claimed that the order, as given, was for three gross of pins, but that plaintiff's agent fraudulently inserted the larger amount. And it is held that it was competent for the defendant to show, in support of his claim, that the order sued upon was grossly disproportionate to the business in which he was engaged; citing *Optical Co. v. Treat*, 72 Mich. 599.

Error to Gratiot. (Daboll, J.) Argued January 25, 1895. Decided February 26, 1895.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Kelly S. Searl*, for appellant.

*Stone & Salter*, for defendant.

HOOKER, J. The plaintiff, being a wholesale dealer in the city of New York, brought this action against the defendant for the purchase price of three great gross papers of pins which it claimed to have shipped to him upon his written order. The defendant admitted the signature to the order, but defended upon the ground that he was deceived in regard to the quantity of pins mentioned therein. Plaintiff appeals.

Upon the trial, testimony was offered for the defendant in relation to the transaction between himself and the plaintiff's agent at the time the order was made, tending to show that he bargained for three gross instead of three great gross of pins, and that the order was not read by the defendant, but was signed upon the understanding that it was for three gross papers of pins. Objection was made to this testimony, upon the ground that it tended to con-

tradict the written order. The objection was not well taken. It was competent to show the conversation between the parties for the purpose of ascertaining whether the plaintiff's agent deceitfully inserted a larger number in the order than the parties agreed upon. In fact, it is the only way by which fraud of the character claimed could be shown.

The defendant was allowed to show the contents of a letter received from the plaintiff upon proof of his inability to find it. Exception was taken to this evidence, upon the ground that the proof of loss was insufficient. The defendant testified that he was not in the habit of keeping his letters; that he had looked for this letter in the waste-basket; but that he was too late; it had been destroyed with other letters. We think it sufficient.

The defendant was asked:

" What amount of pins is usual, and has been during the last 16 years, to be sold annually by any one firm?"

This being objected to, as not being confined to any firm in the place, and as not having any bearing in any way upon the amount of stock, the witness was then asked how many years it would take him in the business, as he knew it, to sell three great gross papers of pins. He answered that it would be about 75 years. It is contended by plaintiff's counsel that this could have no bearing upon the question of fraud, inasmuch as it was not shown that the plaintiff had any knowledge of the extent of the defendant's business. This testimony was offered upon the theory that it would show that the order was an unreasonable one, and, further, that it was wholly improbable that the defendant would knowingly give such an order. We think it competent for defendant to show that the order was grossly disproportionate to the business in which he was engaged. *Julius King Optical Co. v. Treat*, 72 Mich. 599, 602. Such testimony bears upon the probability of

his giving an order for so large a quantity, and it would not be affected by the plaintiff's want of knowledge of the defendant's business.

Objection is made that the definition of "fraud" as used by the circuit judge in his charge was not accurate. He instructed the jury, in substance, that if they found that the agent of the plaintiff, by his acts and representations, induced the defendant to believe that he was giving an order for three gross papers of pins only, and the defendant signed the order in question not knowing its true character, and believed it to be an order for three gross papers of pins, then the plaintiff could not recover. An examination of the charge satisfies us that the jury were not misled upon this subject.

We find no error in the record, and the judgment will be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MC-GRATH, C. J., did not sit.