SHRIMPTON & SONS *v.* ROSENBAUM.

1. SALE—FRAUD OF SELLER—EVIDENCE.

Where an action for goods sold is defended on the ground that a greater quantity than that agreed upon was fraudulently inserted by plaintiff in defendant's written order, evidence of the conversation between the parties at the time of procuring the order, and of the circumstances surrounding the transaction, is admissible to prove the fraud.

2. SAME—RATIFICATION.

Plaintiff sued for the purchase price of three great gross cards of hooks and eyes, claimed to have been shipped to defendant upon his written order. The defense claimed that the order actually given was for three gross only, and that the larger number was fraudulently inserted by plaintiff's agent. As an inducement to the order, plaintiff was to print defendant's advertisement upon the cards containing the hooks and eyes. Plaintiff afterwards wrote to defendant, acknowledging the receipt of an order for "three great gross," giving a copy of the advertisement, and requesting defendant to examine the same, and, if O. K., to sign and return. Defendant signed the printed statement which followed, to the effect that he had " checked this all over carefully," and found it to be " correct in every particular," placed his " O. K." within the space containing the advertisement, and returned the letter. *Held:*

(1) That defendant was properly permitted to testify that he supposed the letter to have been sent to obtain his approval of the advertisement, and that he gave no attention to anything further included therein.

(2) That, with this explanation, the giving of the confirmatory order did not conclusively preclude defendant from relying upon the fraud in the original transaction.

**3.** FRAUD—EVIDENCE—SIMILAR TRANSACTIONS.

    Where one is charged with fraud in procuring an order for goods, evidence of similar transactions between him and others is admissible upon the question of intent.

Error to Kalamazoo; Buck, J.   Submitted June 5, 1895. Decided July 2, 1895.

*Assumpsit* by Alfred Shrimpton & Sons (a corporation) against Simon Rosenbaum and others for goods sold. From a judgment for defendants, plaintiff brings error. Affirmed.

   *E. A. Crane,* for appellant.

   *Howard & Roos,* for appellees.

McGRATH, C. J.   The facts of this case are similar to those in *Shrimpton & Sons* v. *Netzorg,* 104 Mich. 225; and the principal questions raised here are ruled by the decision in that case.

   The order was printed, leaving spaces as to quantities and dates, and containing blanks of which the following are copies:

| | |
|---|---|
| | **SHRIMPTON'S** |
| ALL THIS SPACE FOR YOUR ADVERTISEMENT. | WE PRINT YOUR ADVERTISEMENT IN PLACE OF THIS CUT. |
| | **KANTOPEN.** |

| |
|---|
| ROSENBAUM and SPEYERS, |
| THE LEADING DEALERS IN |
| SOUTHWESTERN MICHIGAN |
| IN DRY GOODS, CARPETS, AND FANCY GOODS. |

One of the inducements held out was that the plaintiff was to print, upon the card containing the hooks and eyes,

defendants' advertisement. Just before the signature, printed in smaller type, were the words: "When ready, ship by the cheapest way." Defendants' testimony was that plaintiff's agent first took the order in a memorandum book, which was exhibited to defendants, and approved; that the order there written was for "three gross;" that plaintiff's agent then filled out the order blank, informed defendants that it contained the order given, and defendants, relying upon the representation, signed the same without reading it. Afterwards plaintiff wrote to defendants as follows:

"We are in receipt of your esteemed order given to our salesman Mr. Bertrand for three great gross cards of Kantopen hooks and eyes, to be put up as soon as we can prepare the goods with your name and special advertising matter printed thereon.

"We read the advertisement as follows:

---

ROSENBAUM and SPEYERS,

THE LEADING DEALERS IN SOUTHWESTERN
MICHIGAN
IN DRY GOODS, CARPETS, AND FANCY GOODS.
KALAMAZOO,        MICHIGAN.

O. K.

---

"Please check this all over carefully, making any changes or corrections you desire; and, if O. K., sign, and return to us by first mail, in the inclosed stamped envelope, and we will proceed with the order. It usually requires from 40 to 70 days to get out this class of goods, but we will hurry the order, and ship at the earliest possible date. Thanking you for the favor, we remain
"Yours respectfully,
"ALFRED SHRIMPTON & SONS, Ltd.
"We have checked this all over carefully, and find it to be correct in every particular.
[Signed]        "ROSENBAUM & SPEYERS."

Defendants attached their signature, and returned this letter. They testified that they did so supposing that it had been sent to obtain their approval of the advertisement, and that they gave no particular attention to the

other portions of the letter, but placed their "O. K." within the space containing the advertisement, as indicated. The defendants, upon receipt of the bill for the goods, refused to receive them, and they remained at the freight office.

It is urged that this case is distinguishable from the Netzorg case, in that here a confirmatory order was given. It was entirely proper to permit the explanation of the circumstances under which this order was obtained. Both papers related to the same transaction. If the first was obtained through fraud, defendants would be bound to repudiate it when discovered, and not before. The transaction was tainted by the fraud in the procurement of the original order, and the procurement of the confirmatory letter did not purge the transaction of the fraud.

The testimony tending to show similar transactions with others was admissible as bearing upon the question of intent. *Beebe* v. *Knapp*, 28 Mich. 53; *French* v. *Ryan*, 104 Mich. 625.

The judgment is affirmed.

The other Justices concurred.