JORDAN *v.* MILLER.

1. FRAUD—EVIDENCE—INTENT.

In an action for fraud in the sale of feeding lambs, testimony of other similar acts and representations of defendants in selling lambs to others was admissible to show a scheme or intent to defraud.[1]

2. EVIDENCE—MARKET QUOTATIONS ADMISSIBLE.

In an action for fraud in the sale of feeding lambs, where the market price of western lambs in Chicago as compared with the market price of other lambs was of importance, it was not error to admit in evidence issues of a market paper showing market quotations of the time.[2]

3. FRAUD—EVIDENCE—LOSS OF PROFITS.

In said action there was no error in receiving evidence of loss of profits because of the diseased condition and inferior quality of the lambs, where the issue tried out was whether fraudulent representations were made by defendants and relied on by plaintiff to his damage.[3]

4. SAME—INSTRUCTIONS—APPEAL AND ERROR.

Where the trial judge, in stating to the jury plaintiff's claims respecting the representations claimed to have been made by defendants, followed in substance the evidence and defendants' first request to charge, error will not be found on objection by defendants that the judge went outside the evidence.[4]

Error to Washtenaw; Sample (George W.), J. Submitted June 4, 1925. (Docket No. 34.) Decided July 16, 1925.

Case by Charles A. Jordan against Charles H. Miller and another for fraud in the sale of lambs. Judgment for plaintiff. Defendants bring error. Affirmed.

[1]Fraud, 27 C. J. § 198; [2]Evidence, 22 C. J. § 152; [3]Fraud, 27 C. J. § 232; [4]Appeal and Error, 4 C. J. § 2620.

*John P. Kirk* and *Frank B. Devine,* for appellants.

*Arthur Brown* and *Cavanaugh & Burke,* for appellee.

CLARK, J.    Action for damages for fraud in the sale of a car load of lambs.    Plaintiff had verdict and judgment.    Defendants bring error.    The parties live at Saline.    Plaintiff owns a farm.    Defendants are engaged in farming and in dealing in live stock. In July, 1922, defendants bought lambs in Chicago, shipped them to Saline, and sold them to plaintiff. Plaintiff claims that he purchased relying upon representations made to him by defendants that the lambs "were all Western lambs, and that they were good feeding lambs, and that they were a dandy good lot of western lambs."    Defendants claim that plaintiff purchased after inspection, relying upon his own judgment.

1. At or about the time in question, defendants sold other like lambs to other purchasers in that vicinity. Testimony of other similar acts and representations of defendants in selling said lambs to such third persons was admitted over objection, and this presents the principal question in the case.    The testimony was admitted and was admissible to show a scheme or intent to defraud.    It was competent as proof of *scienter,* "admissible in evidence with a view to the *quo animo.*"    The question has been considered many times by this court, and what has been said need not be repeated.

See *Beebe* v. *Knapp,* 28 Mich. 53; *Stubly* v. *Beachboard,* 68 Mich. 401; *Shipman* v. *Seymour,* 40 Mich. 274; *Shrimpton & Sons* v. *Rosenbaum,* 106 Mich. 68; *People* v. *Seaman,* 107 Mich. 348 (61 Am. St. Rep. 326) ; *French* v. *Ryan,* 104 Mich. 625; *J. B. Millet Co.* v. *Andrews,* 175 Mich. 350; *Morain* v. *Tesch,* 214 Mich. 699; *Radloff* v. *Ruggles Motor Truck Co.,* 229 Mich. 139.

See, also, 22 C. J. p. 748; 27 C. J. p. 60.

2. The market price of Western lambs in Chicago at the time the lot in question was purchased there by defendants as compared with the then and there market price of other lambs was of importance. It was not error to admit in evidence issues of the Chicago Daily Drovers' Journal, showing the market quotations of the time. *Tri-State Milling Co.* v. *Breisch,* 145 Mich. 232.

3. It is urged that the court erred in receiving evidence of loss of profits to plaintiff because of the diseased condition and inferior quality of the lambs. When the sale was made, defendants knew plaintiff's purpose in buying. He bought to feed. The lambs were sold as feeders. The evidence of such damages was certain enough. They cannot be estimated with exact certainty. But counsel insist that this action is *ex contractu,* and that—

"The party complaining can recover such damages only as are shown to be the natural and proximate consequence of the breach complained of, and not such as arise from circumstances so far out of the ordinary course of nature of human affairs that they could not fairly be presumed to have been anticipated by the parties at the time of the making of the contract," citing *Frederick* v. *Hillebrand,* 199 Mich. 333, and cases there cited.

The declaration sounds in tort and it also claims right to recover for breach of warranty. But the issue actually tried out was whether fraudulent representations were made by defendants and relied on by plaintiff to his damage, not whether warranties were made. The action is in tort. Respecting such damages a more liberal rule is applied in tort actions than in actions *ex contractu.* This question has been considered very fully in *Allison* v. *Chandler,* 11 Mich. 542, and in *Ludwigsen* v. *Larsen,* 227 Mich. 528. Under the rule there stated, and which need not be restated, the evidence was admissible.

4. It is said that the trial judge went outside the evidence in stating to the jury plaintiff's claims respecting the representations claimed to have been made by defendants of the kind and quality of lambs. He followed in substance the evidence and defendants' first request to charge. Therefore error will not be found.

Other questions discussed have been considered. We think they do not require reversal.

Judgment affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.