STOWE *v.* MATHER.

1. FRAUD — EVIDENCE—TESTIMONY OF LIKE REPRESENTATIONS TO OTHERS ADMISSIBLE TO SHOW FRAUDULENT PURPOSE.

In an action for fraud in the sale of corporate stock, based on false representations, testimony of others, who also had bought such stock from defendant about the same time, of his having made like representations to them to induce them to buy was admissible as proof of *scienter*, with a view to the *quo animo*.[1]

2. SAME—TRIAL—ARGUMENT OF COUNSEL.

Argument of plaintiff's counsel that the community was juggled out of a quarter of a million dollars by the defendant in the sale of the stock in question, considered in connection with incompetent testimony addressed to fastening on him the responsibility for the failure of the business, which was foreign to the theory of recovery

---

[1]Fraud, 27 C. J. § 198.

stated in the declaration, *held*, prejudicial, despite the efforts of the trial court toward correction.[2]

3. SAME — INSTRUCTIONS — TESTIMONY OF REPRESENTATIONS TO OTHERS NOT SUBSTANTIVE PROOF THAT THEY WERE MADE TO PLAINTIFF.

An instruction, although partly correct, which allowed the jury to infer that representations made to others by the defendant could be used as substantive proof that they were made to plaintiff, was misleading.[3]

4. SAME—CHOICE OF INCONSISTENT REMEDIES.

One defrauded in the sale of corporate stock has the choice of two inconsistent remedies: He may retain what he has received and recover damages occasioned by the fraud; or he may rescind the sale and recover whatever of value he has parted with.[4]

5. SAME—ACTION FOR DAMAGES—RESCISSION.

The former action sounds in tort, and the measure of damages is the difference between what the stock actually was worth at the time of purchase and what it would have been worth had it been as represented; but if the buyer elects to rescind and recover back, assumpsit for money had and received is the proper form of action.[5]

6. ACTION—VARIANCE—DAMAGES—RESCISSION.

Where the declaration was in tort for damages occasioned by fraud, and there was no claim of mistake or offer to amend, it was error to allow the trial to proceed on the theory of rescission.[6]

Error to Kent; Perkins (Willis B.), J.    Submitted January 13, 1926.    (Docket No. 126.)    Decided April 14, 1926.

Case by Ernest A. Stowe against Carl N. Mather for fraud in the sale of corporate stock.    Judgment for plaintiff.    Defendant brings error.    Reversed.

*Ward & Strawhecker*, for appellant.

*J. T. & T. F. McAllister*, for appellee.

[2]Appeal and Error, 4 C. J. § 2939; Trial, 38 Cyc. pp. 1494, 1510; [3]Corporations, 14 C. J. § 1094; Fraud, 27 C. J. §§ 198, 219; [4]Action, 1 C. J. § 164; Contracts, 13 C. J. § 653; Corporations, 14 C. J. § 1085; Sales, 35 Cyc. pp. 606, 619; [5]Corporations, 14 C. J. § 1097; Sales, 35 Cyc. p. 606; [6]Corporations, 14 C. J. § 1090; Election of Remedies, 20 C. J. § 20.

Clark, J.    In January, 1922, plaintiff bought of defendant shares of the capital stock of Grand Rapids Knitting Mills, paying therefor $2,500.    In the declaration, filed more than a year later, plaintiff avers that he bought, relying on certain representations made to him by defendant, namely,

"that the said Grand Rapids Knitting Mills was the owner of the factory building which it used and occupied in the city of Grand Rapids, Michigan, and that the same was free and clear from all incumbrances and was of the value of upwards of seventy thousand dollars ($70,000) and that the money derived from the sale of said stock was to enlarge the said plant and add three additional stories to said factory building and that said company was in prosperous condition"—

and that the representations proved later to be false.

Plaintiff had testimony to support the averment that it was represented to him by defendant that the corporation owned the factory building.    It did not own it.    It occupied under a lease which contained an option to purchase, which had not been exercised. Defendant denied making the representation.    Plaintiff had verdict and judgment.    Defendant brings error.

1. Testimony of others who also had bought such stock from defendant about the time in question, of his having made like representations to them to induce them to buy, was admitted as proof of *scienter*, with a view to the *quo animo*.    The question is not without difficulty, but we think the testimony may not be held to have been improperly received in view of the following cases, which are accessible and from which we need not quote:    *Morain* v. *Tesch,* 214 Mich. 699; *J. B. Millet Co.* v. *Andrews,* 175 Mich. 350; *Radloff* v. *Ruggles Motor Truck Co.,* 229 Mich. 139; *Jordan* v. *Miller,* 232 Mich. 8.

"2. During the course of the opening argument to

the jury, plaintiff's counsel, Mr. James T. McAllister, said in substance that he believed this community was juggled out of a quarter of a million dollars by the defendant in the sale of the stock in question in this case and the following occurred:

"*Mr. Ward:* Counsel just stated to the jury that he believed this community were juggled out of a million and a half dollars—

"*The Court:* A quarter of a million.

"*Mr. Ward:* A quarter of a million dollars, and I object to it as wholly improper and out of place, prejudicial, and I ask the court to instruct the jury at the present time that they should not consider it.

"*The Court:* Well, I think I will.   I have so often called attention to the fact we are trying this case upon its merits, or trying to try it upon its merits, and we cannot try all of these other matters wherein something like you say a quarter of a million dollars worth of stock was sold.   There is no testimony in the case that he believed this community was juggled out of a quarter of a million dollars.

"*Mr. McAllister:* How much was the amount?

"*The Court:* That is not in this case."

. The court thereupon outlined to the jury the issue in the case, concluding,

"Now, let's confine ourselves to the issue: Did this defendant make these representations to the plaintiff as claimed and were they false?"

With due regard for the efforts of the judge to keep the case within bounds, we think the argument must be held to be prejudicial, in view of what had preceded it.

It is not disputed that the corporation was prosperous when plaintiff bought the stock.   Nor is it disputed that its directors did consider and contemplate building additional stories on the factory building. During the life of the lease, the corporation might have exercised its option and become the owner of the property.   But the business failed.   The corporation became bankrupt.   Defendant under the declaration

is not called upon to defend a charge of having plundered the corporation, although testimony, admitted as bearing upon his good faith, seems to be addressed to fastening on him responsibility for the failure of the business. Inquiry was directed to what he owed the company, the total of his sales of stock which he had bought from the company, expenses, brokerage, profits, and what he had done with the money. This was foreign to the theory of recovery stated in the declaration. The court in his charge limited the inquiry:

"There is but one question of fact for you to determine and that relates to the alleged representation that the building was the property of this corporation and was free and clear from incumbrance."

We think prejudice must have resulted from the incompetent evidence and the improper argument, despite the efforts of the court toward correction.

3. We quote from the charge:

"Some testimony has been offered as bearing upon the question of the truth of the claims here made by the plaintiff as to the representations made by the defendant of other sales after the sale of stock to the plaintiff. Of course, this case is not to be determined by what you may find the defendant may have said to others as to the ownership of this building, but by what you determine the defendant said to the plaintiff as to the ownership of the building. But under the rules of law and the evidence, it is permissible to permit statements of a like nature made to others to be received in evidence as bearing upon this question and it was only for that purpose that this testimony was received.

"The request which has been offered by the defendant in that regard reads as follows and I think states the law and I so instruct you:

" 'The only purpose of admitting representations to outside parties is as bearing upon the intent of the defendant in making the same, if he did make them, to the plaintiff. This testimony must be strictly confined to that purpose. It must not

be used by way of corroborating the statements of the plaintiff that the defendant did make the claimed representations to him. There is nothing in the case, because defendant made certain representations to other parties, that he also made them to the plaintiff.    You must not use it in the case for that purpose.'

"But, as I have said, it bears upon the question of the intent of the defendant.    This testimony as to what was said to others, his purpose, his plans, his designs, and as bearing upon those elements, you have a right to consider that testimony as bearing upon the question of what he actually told or represented to the plaintiff."

This is in part correct and in part misleading.    Like representations made to others could not be used as substantive proof that the representations in question were made to plaintiff.

4. The plaintiff, if defrauded, had the choice of two inconsistent remedies:    He might retain what he had received, that is, affirm the transaction and recover damages occasioned by the fraud; or he might rescind the sale and recover whatever of value he had parted with.    The former action sounds in tort, and the measure of damages is the difference between what the stock actually was worth at the time of purchase and what it would have been worth had it been as represented.    If the buyer elects to rescind and recover back, assumpsit for money had and received is a proper form of action.    35 Cyc. p. 606; *Reed* v. *David Stott Flour Mills,* 216 Mich. 616; *Warnes* v. *Brubaker,* 107 Mich. 440; *Ripley* v. *Case,* 86 Mich. 261; *Murphy* v. *McGraw,* 74 Mich. 318.

In the case at bar the declaration is in tort for damages occasioned by the fraud.    It proceeds upon the theory of an affirmance of the contract and recovery of damages, not upon the theory of rescission and recovery back.    Early in the trial it became apparent that counsel for plaintiff intended trial on the theory of rescission, and, objection being made, he so

stated, and, over objection, trial on that theory was permitted. There was no claim of mistake, no offer to amend. In these circumstances plaintiff should have been held to trial on the theory of the declaration. *Thomas* v. *Watt,* 104 Mich. 201; *Kremer* v. *Lewis,* 137 Minn. 368 (163 N. W. 732) ; 20 C. J. p. 29; 13 C. J. p. 611; 24 R. C. L. p. 356; *Mintz* v. *Jacob,* 163 Mich. 280; *Black* v. *Miller,* 75 Mich. 323.

As to joining in a declaration counts on both theories, see *Glover* v. *Radford,* 120 Mich. 542.

Reversed. New trial granted. Costs to abide the result.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.