GARDNER *v.* JOHNSON.

1. CONTRACTS—FRAUD—DISPARITY OF PRICE AND VALUE NOT SO GREAT AS TO CONSTITUTE FRAUD.

In an action for fraud, plaintiff claiming that she sold only four foxes to defendants, while the written agreement signed by her called for six, which defendants obtained on her signed order to the keepers of the ranch, where the price paid was within the range of testimony of value, adduced by plaintiff, although there was also testimony of a somewhat greater value, there was no showing of disparity so great as to be gross or shocking and of itself to constitute evidence of fraud.[1]

2. SAME—EVIDENCE INSUFFICIENT TO SHOW FRAUD.

Where plaintiff's only claim of fraud was that she sold only four foxes, while the written agreement called for six, and, although she could read, she did not read the contract before signing it, and there was no testimony that her signature was obtained by trick or artifice, a case of fraud was not made out.[2]

3. SAME—FRAUD—WRITTEN CONTRACT NOT AVOIDED BY EVIDENCE OF FAILURE TO READ.

As a general rule, a person cannot avoid a written con-

[1]Contracts, 13 C. J. § 239; [2]Id., 13 C. J. § 979.

tract into which he has entered, on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms, or that it was a mere form.[3]

Error to Ionia; Hawley (Royal A.), J.    Submitted June 11, 1926.    (Docket No. 80.)    Decided October 4, 1926.

Case by Emma Gardner against Albin Johnson and another for fraud.    Judgment for defendants on a directed verdict.    Plaintiff brings error.    Affirmed.

*N. O. Griswold, Isabella R. Ganton,* and *Arthur J. Butler,* for appellant.

*Penny & Worcester,* for appellees.

CLARK, J.    Plaintiff owned a number of foxes at the ranch of Remus Silver Black Fox Company, and was indebted thereto for feeding in the sum of $450. On September 2, 1924, she signed what is called an option to defendants by which she agreed to accept—

"$2,000 in land contracts for her young pair of foxes and their litter of 4 male pups."

On October 3, 1924, she signed an agreement to sell to defendants for $1,900, to include payment of the bill for feeding,—

"one pair pen No. 29 and 4 pups in pen No. 17½ of silver black foxes."

Later and on the same day she signed and gave to defendants an order, directed to the fox ranch, as follows:

"Please turn over to Johnson & Jenkins Company one pair of old foxes in pen 29 and four pups in pen number 17½."

Defendants got the six foxes and paid plaintiff as

[3]Contracts, 13 C. J. § 249; 6 R. C. L. 624; 2 R. C. L. Supp. 168; 4 R. C. L. Supp. 430; 5 R. C. L. Supp. 359.

agreed. Later she brought this tort action averring that she sold but four foxes and that the other two had been obtained by fraud. When plaintiff rested, a verdict was directed for defendants and judgment entered. Plaintiff brings error.

The price paid for the six foxes was within the range of testimony of value adduced by plaintiff. There was testimony of value somewhat higher than the price but the disparity is not so great as to be gross or shocking and of itself to constitute evidence of fraud. She signed all three papers. She was possessed of her faculties. She could read, might have done so, but did not read before signing, nor were the papers read to her. There is no testimony of procuring her signatures by trick, or artifice, no testimony of any act of fraud. Plaintiff says simply, "I sold but four foxes," and from this it is argued that, as the papers call for six foxes, an issue of fraud is made. If that be the rule, where is the advantage of putting agreements in writing? Plaintiff's evidence, without more, did not make a case of fraud.

"As a general rule, a person cannot avoid a written contract into which he has entered, on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms, or that it was a mere form." 13 C. J. p. 370.

See 6 R. C. L. p. 624; *Sanborn* v. *Sanborn,* 104 Mich. 180.

Plaintiff relies on *Shrimpton & Sons* v. *Netzorg,* 104 Mich. 225. There the defendant was sued for the purchase price of three great gross of pins shipped to him on his written order, defendant having signed in about the same manner as did plaintiff in the case at bar. The defense was that the agreement in fact was for three gross instead of three great gross, and there was testimony that it would take defendant 75 years to sell three great gross of pins in his business. This

testimony was admissible to show that "the order was grossly disproportionate to the business in which he was engaged," and this was the chief element of the claim of fraud and it lent vitality to defendant's testi-mony of what the agreement actually was.

And *Shrimpton & Sons* v. *Rosenbaum,* 106 Mich. 68, is also distinguishable.    And this may be said of the other cases cited by plaintiff.    Verdict was directed rightly.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.