STOWE *v*. MATHER.

1. ELECTION OF REMEDIES—AFFIRMATIVE DEFENSE—MUST BE PLEADED.

Defense that by declaration in prior trial there had been election of remedies is affirmative defense, and, not having been pleaded, is not available.

2. CORPORATIONS—RESCISSION—TENDER—SUFFICIENCY.

In action for fraud in sale of corporate stock, tender back of certificate for which plaintiff paid $2,500 is sufficient, on rescission, although he made no tender of $150 received in dividends.

3. EVIDENCE—FRAUD—TESTIMONY OF LIKE REPRESENTATIONS TO OTHERS ADMISSIBLE.

In action for fraud in sale of corporate stock, testimony of third persons of like representations made to them by defendant near the time in question to induce them to buy stock was admissible.

4. TRIAL—CROSS-EXAMINATION NOT UNDULY RESTRICTED.
    Complaint of defendant's counsel that they were unduly re-
    stricted in cross-examination of plaintiff is without merit,
    where such cross-examination covers more than 30 pages, and
    is comprehensive.

5. SAME—INSTRUCTION.
    Instruction that jury "may deduct" $150 dividends from ver-
    dict in event of finding for plaintiff was not erroneous as
    permissive merely, where it was intended as direction and
    was so understood by jury.

Error to Kent; Perkins (Willis B.), J. Submitted
April 9, 1929. (Docket No. 95, Calendar No. 33,997.)
Decided June 3, 1929.

Case by Ernest A. Stowe against Carl N. Mather
for fraud in the sale of corporate stock. From judg-
ment for plaintiff, defendant brings error. Affirmed.

*Ward & Strawhecker* (*Julius H. Amberg*, of coun-
sel), for appellant.

*J. T. & T. F. McAllister* and *Linsey, Shivel &
Phelps*, for appellee.

CLARK, J. The facts are stated in *Stowe* v. *Mather,*
234 Mich. 385, where judgment for plaintiff was re-
versed and new trial granted. The second trial re-
sulted in verdict and judgment for plaintiff, and
defendant brings error.

In this trial the declaration contains two counts,
one on the theory of affirmance, the other on the
theory of rescission. *Glover* v. *Radford,* 120 Mich.
542. The plea is the general issue. A defense at-
tempted is that by a former declaration there had
been an election of remedies. This is an affirmative
defense, which was not pleaded, and which was not

therefore available. 20 C. J. p. 37; *Bryant* v. *Kenyon,* 123 Mich. 151.

Plaintiff had a certificate of stock, for which he had paid $2,500, and he had received dividends amounting to $150. He tendered back before suit √ the certificate, but he made no tender of the $150, and tender therefore is contended to be insufficient. The law is to the contrary. In Black on Rescission and Cancellation (2d Ed.), § 621, it is said:

"One seeking the rescission of a contract or other transaction is not required to make a tender or offer of restoration of that which he would be entitled in any event to retain, that is, either by virtue of an original liability of the other party if the contract should be rescinded, or under the contract itself if rescission should be refused. * * * And where it appears, in a suit to rescind a sale of land, that the defendant is indebted for rent and revenues to an amount greater than the purchase price paid for the property and interest thereon, no tender of the price on the part of the plaintiff is required before the institution of the suit. So, where one has been fraudulently induced to enter into a contract of employment and has performed services under it, and has had a sum of money advanced to him under the contract, but less than the reasonable value of the services rendered, he need not offer to return it before rescinding the contract."

See *Zadel* v. *Simon,* 221 Mich. 180.

In connection with the tender, plaintiff made an offer of settlement, which we think not important. If the language be construed as a demand, we think it did not exceed the sum then legally due plaintiff.

Defendant argues at length the first question decided in the former opinion relative to admissibility of testimony of third persons of like representations made to them by defendant near the time in ques-

tion to induce them to buy stock. We are not moved to depart from the holding of that case and cases there cited.

It is urged that counsel for defendant were unduly restricted in cross-examination of the plaintiff. Such cross-examination, taking more than 30 pages of the printed record, is comprehensive. We are not impressed that there is reversible error in this regard.

The court instructed the jury that in the event of finding for plaintiff "you may deduct" the $150, dividends, from the $2,500, and render verdict for the remainder. This use of the word "may" is criticized as permissive merely. It was intended as a direction, and, it is apparent from the verdict, was so understood by the jury.

Other matters are discussed by counsel for defendant chiefly under the head of "Many immaterial and prejudicial matters." These have had our consideration. They do not call for reversal. This case has been tried twice. In each trial a jury has rendered verdict in substantial amount for plaintiff. It may be said with confidence that another trial by jury will produce the same result. Justice will not be served by another trial, but will be more nearly attained by ending the litigation.

Affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.