## ARDASH v. KARP

1. PRINCIPAL AND AGENT—DISPUTED AGENCY—JURY QUESTION.
   Instruction by trial court that there was no competent proof of an agency relationship between owners of a building and their son who was a tenant there *held*, error, where the question of agency was disputed and there was testimony, direct and inferential, tending to establish agency.

2. LIBEL AND SLANDER—LIBEL PER SE—OSTEOPATHS.
   Communication stating that landlord had leased part of his building "to a group of competent medical doctors not osteopaths" was not libel *per se* of former tenants who were osteopaths since, on its face, the communication neither

─────────────

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Agency § 348 *et seq.*
   33 Am Jur, Libel and Slander § 103.
[2, 3] 33 Am Jur, Libel and Slander §§ 66, 77.

refers to the former tenants personally nor does it impugn their professional ability; extrinsic evidence is required to establish a personal reference and an inference of incompetence.

3. LIBEL AND SLANDER—EVIDENCE—HEARSAY.

Exclusion of osteopaths' testimony as to what certain unnamed persons, not present in court, told them an allegedly libelous communication, which stated that osteopaths former offices had been leased "to a group of competent medical doctors not osteopaths", meant to them, *held*, error, since such evidence although hearsay, is admissible to show the extent and effect of a publication and to sustain osteopaths' claim of general damage to their reputation and profession.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 May 8, 1969, at Lansing. (Docket No. 5,853.) Decided June 26, 1969.

Complaint by Yacoubian Ardash and Arous Ardash against Martin Karp and Paul Schneider to recover rent due under a lease and for waste. Counterclaim by defendants for security deposit, destruction of personal property, and libel. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Perica, Breithart, McAlpine & Carmody,* for plaintiffs.

*Cutler & Cutler,* for defendants.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

QUINN, J. Plaintiff landlords brought this action to recover rent due under a lease and for damages for alleged waste committed by defendant tenants. Defendants' answer alleged prior breach of the

lease by plaintiffs and denied any waste. Subsequently, defendants counter-claimed for credit arising from their security deposit, for damages due to the alleged destruction of their personal property by plaintiffs and for injury to their reputation, character and for mental anguish by reason of an alleged libel committed by plaintiffs. Judgment for plaintiffs entered on favorable jury verdict and defendants appeal.

In support of their appeal, defendants contend the trial judge committed reversible error in charging the jury that there was no competent proof to establish an agency relationship between plaintiffs and their son and in further charging the jury that the document defendants claimed was libelous was not libel *per se.* Defendants also assert it was reversible error to exclude statements of unnamed persons, not present in court, as to what the alleged libelous document meant to them.

Defendants are osteopaths and they rented a suite of offices in a building owned by plaintiffs whose dentist son occupied the rest of the building. In June of 1966 without prior notice to plaintiffs, defendants were in the process of moving their offices to a new location 100 feet south of plaintiffs' building. Defendants placed signs announcing the move on the lobby door and in front of the building. Defendants' rent was paid through June 1966. On instruction from his father, the dentist son removed the sign from in front of the building and placed it inside the building. One of defendants replaced the sign in front of the building and plaintiffs' son again removed it.

June 28, 1966, as defendants were moving some equipment from plaintiffs' building to the new location, the dentist son demanded defendant Schneider's keys to the Ardash building. The keys

were surrendered as requested. Yacoubian Ardash testified that he did not ask his son to demand the keys nor did he authorize the son to do so. July 6, 1966, defendants' attorney sent plaintiffs a letter stating that defendants considered they were no longer bound by the lease with plaintiffs, and defendants paid no further rent.

March 28, 1967, plaintiffs filed this action and defendants filed timely answer. During May of 1967, Yacoubian Ardash mailed about 200 cards to the public at large announcing that he had leased 21761 Ryan road (defendants' former address) "to a group of competent medical doctors not osteopaths". November 14, 1967, defendants filed their counter-claim, and the claim of libel therein contained was based on the quoted statement from the announcement.

The pleadings and pretrial summary indicate that the controlling question in plaintiffs' action for rent was which party actually breached the lease first. Defendants' proof of prior breach by plaintiffs was dependent on a finding that the dentist son was the agent of plaintiffs. By its instruction, the trial court removed from jury consideration the agency question. This was error. The question of agency was disputed. There was testimony, direct and inferential, tending to establish agency. The question of agency was a jury question. *Miskiewicz v. Smolenski* (1929), 249 Mich 63.

It was not error for the trial court to instruct the jury that the communication claimed as libelous was not libel *per se*. *Dallavo v. Snider* (1906), 143 Mich 542. On its face, the communication neither refers to defendants personally nor does it impugn their professional ability. Extrinsic evidence is required to establish the personal reference and the inference of incompetence.

Defendants were precluded from testifying with respect to what unnamed persons not present in court told defendants the alleged libelous communication meant to them. This was error. Although hearsay, such evidence is admissible to show the extent and effect of the publication and to sustain defendants' claim of general damage to their reputation and profession. *Poleski* v. *Polish American Publishing Co.* (1931), 254 Mich 15.

Reversed and remanded for new trial, with costs to defendants.

All concurred.