LAFAYETTE BOSTWICK, RECEIVER, v. GEORGE W. BENJAMIN, HENRY S. COX, AND THOMAS GILLESPIE, EXECUTOR.

63 289
63 587

63 289
113 180

*Fraudulent conveyances—Assignment of mortgages—Burden of proof.*

1. On a review of the testimony, the Court held the assignment of certain mortgages by an insolvent debtor not fraudulent. See opinion for statement of facts.
2. Fraud must be satisfactorily established, and the burden of proof is on him who claims a transaction to be fraudulent.

Appeal from Oakland. (Stickney, J.) Argued October 7, 1886. Decided October 21, 1886.

Bill filed to set aside an assignment of certain mortgages as fraudulent. Decree modified. The facts are stated in the opinion.

*Aaron Perry,* for complainant.

*Thomas J. Davis,* for defendants Benjamin and Cox.

63 MICH.—19.

MORSE, J.  William C. Richardson and the defendant Henry S. Cox were in copartnership for a short time. In April, 1881, Richardson began a suit in chancery to close up the partnership, claiming an indebtedness from Cox to him.

Cox appeared, and filed an answer, but defended no further.

In October, 1881, Richardson obtained a decree dissolving the partnership, and fixing the amount owing to him from Cox at the sum of $475. Upon this decree execution was issued and returned unsatisfied.

January 30, 1882, Richardson filed a creditor's bill against Cox, who appeared therein, but filed no answer.

April 19, 1882, a decree was rendered in the last-named suit appointing a receiver, and directing that Cox assign to such receiver his property not exempt from execution under the statute.

The complainant in this cause was appointed, and qualified, as such receiver, and July 16, 1883, Cox assigned, in obedience to said decree, to said receiver all his property not exempt by law.

. In September, 1883, the present bill was filed to reach three real-estate mortgages which Cox owned on August 7, 1881, and on that day assigned to the defendant George W. Benjamin, who is his brother-in-law.

It is claimed by the complainant that this assignment was made without consideration, and for the express purpose of hindering, delaying, and defrauding the creditors of Cox.

The mortgages in question are as follows:  One by Harvey Lee, dated August 4, 1875, for $130, due in three years, at 10 per cent.; one by Jonathan D. Van Every, of July 29, 1880, for $250, due in three years, at 8 per cent.; and one by George S. Lee, of September 7, 1880, for $100, due in three years, at 8 per cent.

In February, 1881, Cox hypothecated the Van Every note and mortgage to the First National Bank of Pontiac for the sum of $150, and in April, 1881, the Harvey Lee mortgage

to John C. Daniels, now deceased, for $100. After the assignment to Benjamin he redeemed the Van Every mortgage.

Cox and Benjamin claim that the assignment of these mortgages was in good faith, to pay a subsisting debt from Cox to Benjamin, then amounting to about $300.

It is alleged by them that the indebtedness arose as follows:

On the twelfth day of July, 1870, Cox purchased of one John B. Rust one-half acre of land in Southfield, in the county of Oakland, upon which there was an old school-house. He gave his note, also signed by Benjamin as security, for $200 in payment. To secure Benjamin, the deed of the place was taken in his name, where the record title still remains.

Immediately after the purchase Cox fitted the school-house into a dwelling, and moved into the same, where he has since resided with his family (save his wife, who lives apart from him), claiming and using the same as a homestead. The place is now worth about $350.

The assignment of the mortgages, or the amount due upon them not hypothecated, was in payment of the debt to Benjamin growing out of this transaction. Benjamin paid the note and some $30 of interest upon it, and held it at the time of the transfer to him of the mortgages. It could not be found at the time of the assignment, and Benjamin executed and delivered to Cox his note for $300, with the agreement that, when he found and delivered to Cox the Rust note, the $300 note should be delivered back to Benjamin and canceled. In about two months thereafter this was done.

It is claimed that the amount paid by Benjamin, and interest upon the same, for this homestead in behalf of Cox, absorbed all that was due upon the mortgages assigned, excepting two years' interest upon the Van Every mortgage, which is admitted to belong to Cox.

After the assignment to Benjamin he authorized Cox to

pledge two of the mortgages to Daniels as security for a loan from Daniels to James Cox, procured by defendant Cox, for $265, which pledge was made February 25, 1882. This loan has been paid, and the pledge thereby redeemed.

March 12, 1883, the defendant Benjamin mortgaged the homestead of Cox to John C. Daniels for $300 to secure his personal note to said Daniels. He also pledged for the same purpose the two Lee mortgages, then in the hands of said Daniels.

The court below, upon the pleadings and proofs in this cause, decreed, in substance, that the assignment to Benjamin was made with intent to hinder, delay, and defraud said William C. Richardson, a creditor of said Henry S. Cox, and therefore fraudulent and void as against the rights of the receiver. It was further decreed that the receiver pay or tender to Benjamin the amount paid by him to redeem the Van Every mortgage from the bank, and upon such payment or tender Benjamin should deliver such note and mortgage to the receiver; that the two Lee mortgages were the property of said receiver, subject to the pledges to Daniels, which pledges might be redeemed by the payment by the receiver to the executor of Daniels of the $100 borrowed by Henry S. Cox, and the note of $300 given by Benjamin to said Daniels; that upon such payment the receiver should be subrogated to the rights of such executor in said notes and mortgages, except that the mortgage collateral to the note of Benjamin for $300, being given upon the homestead of Cox, was void, and should not be enforced against said premises.

From this decree Cox and Benjamin appealed.

The complainant does not appeal, and therefore we cannot interfere with the finding and determination of the court below that the land now occupied by Cox is his homestead.

Nor should we be inclined to do so under the proofs in the record before us.

We are unable to reconcile the balance of the decree with

this finding. The evidence of Benjamin and Cox is uncontradicted, and sustained by the testimony of Rust, of whom the land was purchased, and others, that the land was purchased by and for Cox, but paid for by Benjamin.

There is nothing to show that Benjamin was ever repaid in any way except by the assignment of these mortgages as claimed by himself and Cox.

Granted as an established fact that this land is the homestead of Cox, and that Benjamin paid the note given for it upon its purchase, it necessarily follows from the proofs that the assignment of these mortgages was a valid one in payment of this debt, and that creditors cannot complain of such payment.

There are some circumstances, such as the failure to record the assignment for nearly two years, the pledging of two of the mortgages as security for the debt of James Cox after the assignment, and the mortgage of the homestead by Benjamin to Daniels, relied upon as tending to show fraud in the transaction; but we are not satisfied that the assignment was made for any other purpose than the payment to Benjamin of his just claim against Cox for the purchase of the homestead land. The matter of the legal title still remaining in Benjamin is accounted for by Cox upon the theory that he had rather trust it in him than to have the deed in his own name, on account of his trouble with his wife. Of this creditors cannot complain. It seems by written evidence that Benjamin consented to the pledging of the mortgages to secure the loan made of Daniels by James Cox, and it also appears that Cox consented to the making of the mortgage of $300 by Benjamin.

Fraud must be satisfactorily established, and the burden of proof is upon the complainant.

The decree should be modified so as to grant to complainant only the portion of the interest upon the Van Every mortgage not assigned to Benjamin, to wit, two years' interest upon the

same. This interest belongs to the receiver, not because of any fraud in the matter of the assignment from Cox to Benjamin, but for the reason that the receiver is entitled to the property of Cox by virtue of the decree in the suit of Richardson against Cox. The other securities belong to George W. Benjamin and the estate of Daniels.

The defendants Cox and Benjamin are entitled to costs in this Court against the complainant.

The other Justices concurred.