MARY MANNING v. TIMOTHY BRESNAHAN.

*Fraudulent conveyances — Evidence — Error without prejudice —*
*Replevin—Justification under attachment—Proof of indebt-*
*edness—Bill of exceptions—Return of circuit judge—*
*Presumption in support of verdict.*

1. The instruction of the court in this case, regarding the evidence
   necessary to be adduced by defendant to show the sale under
   which plaintiff claims fraudulent (see page 586 of opinion),—
   *Held*, to be unobjectionable, there being evidence tending to
   make out such defense.

2. Where the plaintiff in a replevin suit for goods attached on a debt
   of her vendor assigned as error the exclusion of testimony
   offered to show loss of profits by reason of such attachment, but
   the jury found the sale under which she claimed *fraudulent*,—
   *Held*, that the proposed testimony only affected the *extent* of
   her recovery; and, the jury having found that she had no cause
   of action, its exclusion, even if erroneous, was error without
   prejudice.

3. Where, on the trial of a replevin suit in favor of the vendee of an
   attachment debtor, the officer seeks to justify under the attach-
   ment proceedings, which have *not* matured into a judgment, the
   *fact* of the indebtedness charged in the affidavit for attachment
   at the *time* of the purchase must be established, and said affidavit
   is not conclusive proof of such fact. *Cook v. Hopper*, 23 Mich.
   518, 519.

4. Where in such a case the circuit judge fails to return that the bill
   of exceptions contains the *substance* of *all* the testimony, the
   appellate court will presume, in support of the verdict, that the
   *fact* of such *indebtedness* was legally established on the trial.
   *Taff v. Hosmer*, 14 Mich. 309.

Error to Muskegon. (Russell, J.) Argued November 3,
1886. Decided November 11, 1886.

Replevin. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*Keating & Dickerman*, for appellant.

*Smith, Nims, Hoyt & Erwin* and *Turner & Carroll,* for defendant.

CHAMPLIN, J. On the twenty-fourth of March, 1883, the defendant, as sheriff of Muskegon county, attached a stock of goods by virtue of a writ issued out of the circuit court of that county in favor of Samuel P. Wilcox, Edward C. Wilcox, and George T. Wolcott, composing the firm of S. P. Wilcox & Co., as plaintiffs, and John F. Garrigus as defendant.

The plaintiff in this suit, claiming to have purchased the stock of goods from Garrigus on the nineteenth day of March, 1883, replevied them from the sheriff.

This suit was tried, and resulted in a verdict and judgment for defendant, and plaintiff brings the case here by writ of error.

Thirteen errors were assigned, but the counsel for plaintiff in his brief treats them under three points, as follows:

"1. Plaintiff should have been allowed to show loss of profits.

"2. The trial judge did not sufficiently, and as explicity as he should have done, instruct the jury as to the part of the opening statement to the jury made by the defendant's counsel to which counsel for plaintiff made objection, and that they should wholly disregard the same.

"3. The defendant having failed to prove any claim due to plaintiffs in the attachment suit, all the testimony, and all the requests of the defendant, and all that part of the judge's charge given on his own motion, with reference to the *bona fides* of the sale from Garrigus to the plaintiff in this suit, were incompetent and irrelevant. The defendant did not establish any standing before the court which allowed him to assail the *bona fides* of the sale, nor to raise the question of whether the plaintiff in this suit, or her husband, George Manning, was the real purchaser and owner of the stock bought of Garrigus."

The sale to plaintiff was attacked by defendant as being fraudulent and void as to the creditors of Garrigus, of whom the firm of S. P. Wilcox & Co., the plaintiffs in the attach-

ment suit, were claimed to be one. The defendant intro-
duced evidence tending to show fraud in the sale; and the
court instructed the jury upon this branch of the case as
follows:

"On the part of the defendant it is claimed that the
plaintiff is not entitled to recover at all; that the evidence
fully shows that, at the time this party bought this property,
whether it was Mr. Manning or Mrs. Manning, the prior
owner, Mr. Garrigus, was indebted to various parties; and
that, taking into consideration the facts surrounding the
purchase, any prudent man would have known that there
was something wrong,—that is, that he ought not to have
purchased, and that if he had taken into consideration what
he actually saw he would not have made the purchase. In
other words, the defendant claims there was fraud.

"I will say this, gentlemen of the jury, that fraud will not
be presumed. If you find fraud in this case, you have got to
find that it is proven; that is, you have got to find it from
some facts that are proven, and that fairly satisfy you that
there was fraud in the transaction.

"In addition to that, you are to be convinced from the
evidence in the case, before you can find fraud that would
affect this sale, that under all the circumstances surrounding
this case, and everything this party saw, or might have seen
if he had his eyes open, in what he did, he knew that
there was something wrong; that is, that he knew that this
party was seeking to dispose of this property, with a view to
defrauding his creditors by converting the property into
money, and disposing of it, and by that means defrauding
the defendant in this suit,—that is, defrauding the parties in
the attachment suit; and, if you so find, the plaintiff here
hasn't any rights at all, because the sale would be void, and
they would have the same rights to enforce the attachment
against the goods in his hands as they would in the hands of
the original owner.

"Now, if you find that that fact is established by the
evidence showing fraud, so as to vitiate the sale, the defend-
ant here must of necessity recover; and, if you so find, your
verdict will simply be that you find that the defendant did
not unlawfully detain the property which he held under the
attachment. That is the issue in this case."

This portion of the charge is assigned as error. But our
attention is not called to any particular fault in the charge

as given if there was evidence in the case tending to make out the defense.[1] We do not discover any error in the instructions; and the jury, having found a verdict for the defendant, must have found that the sale to plaintiff was fraudulent as to the plaintiffs in the attachment suit. This being so, the first point taken by plaintiff becomes unimportant. This relates to the exclusion of testimony tending to show a loss of profits by reason of the attachment. The testimony excluded did not go to the right of plaintiff to recover, but to the extent of her recovery; and, the jury having found that she had no cause of action, if the testimony was erroneously excluded, it was error without prejudice.

Upon the second point the plaintiff has no just cause for complaint. The ruling of the court was with her, and it is not seen how a ruling in her favor affords a ground for exception.

The third point, if supported by the record, would be cause for reversal of the judgment. It is based upon the decision in *Cook v. Hopper*, 23 Mich. 511.

At the time of the trial of this suit in the court below, the suit in attachment, under which defendant justified, had not gone to judgment. It was incumbent upon the defendant to establish the relation of debtor and creditor between Garrigus and S. P. Wilcox & Co. at the time of the sale from Garrigus to plaintiff; or they would be in no position to attack such sale as fraudulent. The point that such relation had not been established before the jury was not taken in the court below, and was not assigned as error upon the record. The counsel for plaintiff excuse themselves for not so doing in their brief, as follows:

"If it should be urged that the reason of our exceptions to the trial judge's charge were not presented in the court below, in justice to ourselves we should say that we were not aware of the point made in *Cook v. Hopper*, 23 Mich. 511, until after the trial below."

[1] See *Bostwick v. Benjamin*, 63 Mich. 289 (head-note 2); *Fraser v. Passage*, Id. 551.

We are bound to give full credit to this excuse, although it may appear singular that the point should have escaped the attention of counsel, inasmuch as it appears that the counsel who present the excuse were the attorneys for the defendants in the case of *Cook v. Hopper*, and one of them who participated in the trial of this cause was a defendant in that suit.

There is no statement in the record before us that the bill of exceptions contains all the testimony introduced upon the trial of the cause. It was said in the case cited above that,—

"Under these circumstances, as we cannot infer error, we must presume that such a state of facts existed as would warrant the instruction given."

We must also presume, in support of the verdict and judgment, that the proof was made which counsel now claim was not given. *Taff v. Hosmer*, 14 Mich. 309.

So far as appears from the record before us the court and counsel on both sides treated the plaintiffs in attachment as creditors of Garrigus, and as having the right to assail the sale to plaintiff as fraudulent. Whether such fact was assumed or was established by proof does not appear; but, in the absence of a return by the circuit judge that the bill of exceptions embraces *all* the testimony in *substance,* it must be presumed that testimony was introduced to establish the fact in support of the verdict.

The judgment must be affirmed.

The other Justices concurred.