HENRY F. GASS v. GEORGE VAN WAGNER.

*Practice in Supreme Court—Presumption in support of conclusion of circuit judge—Replevin of exempt property—Evidence.*

1. Where the circuit court found a *general* determination for the plaintiff, no *special* finding being asked for, and the record fails to show that *all* of the evidence is returned, this Court cannot find the *conclusion* unwarranted by the finding.

2. Plaintiff replevied a horse seized by defendant on execution, claiming him as exempt, and on the trial the defendant swore that the horse was replevied *before* he had time to make the statutory inventory, and offered to show that plaintiff had *other* horses liable to execution, but was not permitted to do so.

  *Held*, that the proposed evidence was material, and its rejection error.

Error to Ionia. (Smith, J.) Argued November 4, 1886. Decided November 11, 1886.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Clarence Cole*, for appellant.

*William H. Howard* and *George H. Cagwin*, for plaintiff.

CAMPBELL, C. J. Plaintiff replevied a horse from defendant, who had seized him on execution. The claim appears to be that the animal was exempt. The court found a gen-

eral determination for plaintiff, and no special finding was asked or given, and it does not appear distinctly, although it is probable, that we have all the evidence. We cannot, therefore, hold the conclusion unwarranted by the finding.[1]

But upon the trial defendant was not allowed to show that plaintiff had other horses. The statute provides that, when a levy is made upon property of any class or species which is exempt, the officer shall make an inventory of the whole of the same kind, so that a selection may be made of enough to fill the exemption.[2] The defendant swore the horse was replevied before he had time to complete his inventory. It was therefore material to know whether this horse was the only one which plaintiff owned, for, if not, it might have turned out he would not have been made exempt by the proper statutory selection.

The judgment was erroneous, and must be reversed, with costs, and a new trial ordered.

The other Justices concurred.

[1]See *Manning v. Bresnahan*, 63 Mich. 584 (head-note 4).
[2]How. Stat. § 7687.