## ZOOK v. THEISEN-CLEMENS CO.

1. EXPLOSIVES—EVIDENCE—QUESTION FOR JURY.

In action for personal injuries against distributor and gasoline station operator alleged to have resulted from negligence in sale of gasoline for kerosene, evidence *held*, sufficient to permit jury to find for either party.

2. SAME—EVIDENCE—INSTRUCTIONS—APPEAL AND ERROR—TRIAL.

In action for personal injuries alleged to have resulted from negligence in sale of gasoline for kerosene, claimed improper rejection of evidence as to relationship between individual and corporate defendants, erroneous instructions for which plaintiff proffered no requests *held*, not to merit consideration on appeal from verdict and judgment for defendants, where issue rested upon determination as to whether liquid sold was gasoline and, if so, whether such gasoline caused plaintiff's injury.

3. TRIAL—INSTRUCTIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—EXPLOSIVES.

Instructions of a general nature upon negligence, contributory negligence, proximate cause and nonliability for accident not due to negligence, *held*, correct and not to contravene or becloud issue in action for personal injuries alleged to have resulted from negligence in sale of gasoline for kerosene.

Appeal from Berrien; White (Charles E.), J. Submitted October 8, 1935. (Docket No. 12, Calendar No. 38,504.) Decided December 10, 1935. Rehearing denied January 7, 1936.

Case by Jennie E. Zook against Theisen-Clemens Company, a Michigan corporation, and Charles E. Reck for burns sustained because of alleged negligence of defendants in selling gasoline for kerosene. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Gore, Harvey & Fisher* (*Charles W. Gore,* of counsel), for plaintiff.

*Harry C. Howard, William J. Howard, Thomas N. Robinson* and *I. W. Riford,* for defendants.

FEAD, J.   The action is for personal injuries from selling gasoline for kerosene.   Defendants had verdict of a jury and judgment.   The principal question is whether the verdict was against the great weight of the evidence.

Defendant Reck conducts a gasoline station and garage.   He handles petroleum products, obtained from defendant Theisen-Clemens Company.   The ordinary gasoline is kept in underground tanks and drawn by outside pumps.   Inside the station building are containers for kerosene and high-test gasoline.   Deliveries of products are made by Theisen-Clemens Company into the tanks and containers, usually without checking by Reck.

December 9, 1933, plaintiff's husband drove to the station, handed Reck a can and ordered three gallons of kerosene.   Reck took the can into the station, put something into it, delivered it to Zook and charged him for kerosene.   Plaintiff claims Reck delivered gasoline instead of kerosene.   She charges Reck, and defendant company as his employer, with liability for her injuries because he gave gasoline to Zook and not in a red can as required by statute (1 Comp. Laws 1929, § 597).   She also charged defendant company separately with negligence in putting gasoline into the kerosene container in the station.

Plaintiff claims Zook received the liquid in a five-gallon can; on December 11th she and her husband drove to a farm in Indiana, where their two sons were working; a son, 16 years old, was left at home

and he kept fires burning in the kitchen and living room; on return home in the evening at about 8 o'clock, plaintiff's first duty was to prepare supper; instead of so doing she undertook to fill a lamp for use the next morning; she took an aluminum pitcher from near the stove; poured some fluid into it from the five-gallon can, put the cap back on the spout of the can and as she arose there was a loud explosion and she was enveloped in flames; the sons tore her clothing from her and extinguished the fire upon the floor, table and cupboard; plaintiff was severely burned; two or three days later representatives of defendant company appeared and were given a sample of the fluid in the container; when Reck learned of the fire he went to the Zook home, expressed his sorrow and said he "didn't know how it could happen. Said he was afraid he would lose his job over it." Afterwards a sample of the liquid was delivered to another chemist.

The chemists agree that the samples were of ordinary gasoline. Plaintiff's claim left open possibilities that she may have undertaken to quicken the kitchen fire with kerosene and that the substance in the five-gallon can was not purchased from Reck. A witness testified that one of plaintiff's sons told him his mother had been burned by trying to start a fire. Kerosene was commonly used in the Zook home for starting fires, at least by Mr. Zook. The agent of the owner of the Zook house said he examined the premises a few days after the accident and discovered no evidence of a fire.

Defendant's claim is that Reck delivered the liquid to Zook in a three-gallon can; he drew it from the kerosene container, which could not be wholly emptied; the samples from Zook's can showed no trace of kerosene although a minute quantity would have

been discovered under the test made; the samples from Zook's can were of ordinary gasoline, not high-test gasoline; the contents of the kerosene container in the station were analyzed and contained no gasoline; a number of customers, to whom were made sales of kerosene from the same container and of the same bulk lot, used the liquid for starting fires and otherwise, experienced no difficulty with it but found it to be kerosene; the Zooks had a three-gallon can which, however, they claimed they had loaned to a neighbor; the can produced did not resemble the one used for the purchase; the neighbor's statement of his use of the can for purchasing kerosene for his employer was denied by the employer.

Both counsel urge that their evidence was undisputed. It was of such a character on both sides that the other had little opportunity to deny it by direct testimony. But when the claims of the parties are set against each other it is evident that both cannot stand and that each disputes the other. The question was largely one of veracity of witnesses. The gist of the case was whether Reck in fact sold gasoline to Zook instead of kerosene and such gasoline caused the injuries to plaintiff. The evidence presented a fair question of fact upon which the jury could have found for either party.

Plaintiff complains because the court held that Reck was not an employee of defendant company and rejected her offer of insurance policies to show such relationship; because the court did not charge that a sale of gasoline in a can other than a red container was in violation of statute, although plaintiff presented no request to so charge; because the court charged in general terms upon negligence, contributory negligence and proximate cause and upon nonliability for an accident not due to negligence; and

otherwise as to the admission of testimony and the charge.

It is not necessary to consider these complaints in detail. The issue was plain and rested upon the determination of two facts, (1) whether the liquid sold by Reck to Zook was gasoline, and (2), if so, whether such gasoline caused the injury to plaintiff. If those facts were held in the affirmative there could be no doubt of the liability of one or the other of the defendants, or both, because their negligence, then, was either on the part of Reck in taking the liquid from the wrong container or of defendant company in putting gasoline into the kerosene tank. To reach its verdict the jury must have found against plaintiff on the essential facts.

The charge, while general, was correct and did not contravene nor becloud the issue. None of the other complaints, if allowed, could militate against the verdict or give legitimate reason for a different finding.

Affirmed, with costs.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.