KNOPER v. BURTON.

APPEAL AND ERROR—EVIDENCE—MEDICAL TESTIMONY—AUTOMOBILE—
DAMAGES.
    Exclusion of expert medical testimony which was relevant only
    to question of damages in automobile accident case would not
    constitute reversible error where jury returned a verdict of
    no cause of action, since jury did not reach question of dam-
    ages and such error was harmless (GCR 1963, 529.1).

Appeal from Court of Appeals, Division 3, Fitz-
gerald, P. J., and J. H. Gillis and Bowles, JJ., re-
versing and remanding Kent, John H. Vander Wal,
J. Submitted October 9, 1969. (Calendar No. 11,
Docket No. 52,171.) Decided January 12, 1970.

12 Mich App 644, reversed.

Complaint by Ruth Knoper against William Sneed
Burton for injuries received in an automobile acci-
dent. Verdict and judgment for defendant. Plain-
tiff appealed to the Court of Appeals. Reversed
and remanded for a new trial. Defendant appeals.
Reversed.

*Marcus, McCroskey, Libner, Reamon, Williams &*
*Dilley* (*J. Walter Brock,* of counsel), for plaintiff.

*Hillman, Baxter & Hammond,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 808.

T. M. KAVANAGH, J. This is an appeal by defendant from an order of reversal and remand by the Court of Appeals of a verdict and judgment for defendant in the trial court. 12 Mich App 644.

The relevant facts are:

Plaintiff and two fellow workers were crossing 36th street in the city of Wyoming at about 8:15 p.m., on December 22, 1961. They were walking in a marked pedestrian crosswalk and had crossed the first two lanes of traffic and were either standing in or approaching the center of the street when all three were struck by defendant's car.

At pretrial plaintiff agreed to waive the medical privilege, but when defendant attempted to depose the treating physician, plaintiff asserted the medical privilege as to all of the treating doctors. The medical privilege was kept in effect throughout the trial.

At trial plaintiff introduced proofs that her injuries consisted of abrasions and injuries to the lower back and left hip area as well as to the right side of her head. There was also some damage to the right eye. Extensive treatment was required, and plaintiff was attended by several physicians. Plaintiff lost 16 weeks from work.

During the trial plaintiff produced two medical witnesses who had neither treated nor even examined plaintiff. The testimony of both medical experts was, for different reasons, entirely excluded by the trial judge.

Dr. Harold Schaubel, an orthopedic specialist, was called by plaintiff and, on direct examination, was asked a hypothetical question.

"*Q.* Doctor, do you have an opinion as to the probable relationship of this condition which you have described, to the trauma or injury that I

described she received from the impact from the automobile?

"*A*. Yes.

"*Q*. What is your opinion?

"*A*. I believe, as I understand the problem, the injury was the cause of the distortion I see in the film, and this distortion is usually seen and accompanied with pain."

Dr. Schaubel, responding to the hypothetical question, relied in part upon X rays taken at the request of a treating physician. After all of plaintiff's witnesses had been presented and upon defense counsel's motion, the admission of exhibit 1—an X ray taken at the request of a treating physician—was excluded from evidence and the testimony of Dr. Schaubel stricken from the record. Then, plaintiff's counsel asked to recall Dr. Schaubel and examine him on the basis of exhibit 13, which consisted of X rays he had caused to be taken and which had been received in evidence during his absence from the courtroom. This would have necessitated a continuance until later in the day in order to get the doctor to return to court. The continuance was denied.

The Court of Appeals held that the trial court had abused its discretion in failing to permit plaintiff to reopen her proofs. It held that Dr. Schaubel's testimony—insofar as it would have been based upon a proper hypothetical question and upon the X rays he, himself, had caused to be taken—would have been admissible.

Dr. Robert A. Dye, an ophthalmologist called by plaintiff, was neither a treating nor an examining physician, and he, too, was examined by use of a hypothetical question. At the close of plaintiff's proofs, and on motion made by defense counsel, the whole of Dr. Dye's testimony was stricken since he

had not testified that the particular disease was caused by the trauma and since he could not diagnose the condition with any reasonable medical certainty without an examination of the plaintiff.

The Court of Appeals held that it was not necessary, for Dr. Dye's testimony to be admissible, that he testify in terms of reasonable medical certainty and that it was error for the trial court to strike such testimony for that reason.

The Court of Appeals concluded it was for the jury to determine the issues where conflicting inferences could be drawn from the evidence and ordered a new trial.

Defendant is here on leave granted (381 Mich 790) and raises three questions:

1. Where the errors found by the Court of Appeals relate exclusively to the admissibility of the testimony of two expert witnesses as to medical matters, should a jury verdict of no cause of action be reversed and the cause remanded for new trial?

2. Did the trial court abuse its discretion in refusing to permit plaintiff to reopen her proofs and recall a medical expert in order to put into evidence an X ray taken at the direction of the expert as a foundation for his testimony after the court had ruled out the use of an X ray taken by a treating physician?

3. Did the trial court commit error in striking the testimony of expert medical witness Dr. Robert A. Dye by reason of speculativeness of the testimony?

Defendant's position on the first question is that the Court of Appeals, in holding the exclusion of testimony of two expert medical witnesses to be erroneous, should not have reversed the judgment of the trial court. Defendant argues that their testimony was relevant and pertinent only to the issue of damages and, since the jury found no liability,

the exclusion of their testimony would be harmless error.

An assiduous review of the recorded testimony indicates that the plaintiff's medical proofs were not offered to establish the existence of injuries, but rather to establish the extent of those injuries. Although plaintiff had already introduced ample evidence bearing on the fact of the injury, she attempted, by means of medical experts, to indicate to the jury the gravity of those injuries. This proffered testimony relating to the gravity of the injuries, however, would be relevant only as to the amount of the damages.

The record discloses that the jury never reached the question of damages. It reveals that the plaintiff submitted uncontested medical bills and claims for lost wages and that the trial judge clearly instructed the jury as to these matters:

"On the other hand, if you find that the defendant was not guilty of negligence or that that negligence if you find it so, was not a proximate cause of the accident, as I have defined it to you, or, and I should say—or—if you find that the defendant has met the burden of proof by a preponderance of the evidence to prove to you that the plaintiff, herself, was guilty of contributory negligence, of course then your verdict would be for the defendant,—no cause of action.

"Now, if you find for the plaintiff, you will then determine what her damages should be. She is making a claim for loss of services. She claims that her gross pay was $110 a week and that she was off the first time for six weeks, which totaled $660. She claims that the second time she was off in 1962 for ten weeks, and that she is making a claim for an additional $1,100 for a total amount of $1,760."

Again, the trial judge instructed the jury:

"So, ladies and gentlemen of the jury, I hope that I haven't confused you. I will just very briefly state

again,—the plaintiff must prove by a preponderance
of the evidence that the defendant was guilty of
negligence, and that negligence was a proximate
cause of the injuries that she received, as I have
defined those terms to you.

"If she has satisfied you, by preponderance of
the evidence, of those two items, then you go to
the third issue, that is,—did the defendant prove to
you that the plaintiff herself, was guilty of negli-
gence that contributed to the accident and her own
injuries. If the defendant satisfied you by prepon-
derance of the evidence that she was guilty of negli-
gence, of course then she cannot recover.

"If you determine that she can recover, then you
go on to the fourth point, and that is damages. And
she is seeking damages for loss of services for two
different periods, but, it is her duty to prove, by
preponderance of the evidence, that her loss of serv-
ices were due to the injuries that she received from
this accident. If you so find, then you should bring
in a verdict, for her, for such amount as you claim
that she has lost in services.

"She is claiming pain and suffering, and if you
find for her, then you may consider whether she
should have any compensation for 'pain and suffer-
ing, and how much. What will reasonably compen-
sate her for the experiences that she has gone
through. On the other hand, if you find that she
has failed to prove this by preponderance of the
evidence, of course then she cannot recover."

If the jury had reached the issue of damages under
the instructions of the court they would have been
compelled to bring in a verdict at least for the
uncontested medical bills and the claims for lost
services, as well as some compensation for pain and
suffering. The only permissible inferences than can
be drawn from the jury's verdict and from a review
of the entire record in this case are that they either
found no negligence on defendant's part or that

plaintiff was guilty of contributory negligence. To reach their verdict, the jury must have found against plaintiff in either respect on the essential facts. *Zook* v. *Theisen-Clemens Co.* (1935), 273 Mich 536.

We conclude that the errors complained of were not prejudicial in that the excluded testimony, if received, would not have changed the result. *Horowitz* v. *Blay* (1916), 193 Mich 493. We hold that where it appears from the evidence disclosed by the record that the errors could not have affected the result, this Court will not reverse. GCR 1963, 529.1; *McGuire* v. *Rabaut* (1958), 354 Mich 230; *Fowles* v. *Rupert* (1906), 143 Mich 246; *Manning* v. *Bresnahan* (1886), 63 Mich 584.

In view of the above holding, we do not pass upon the question of the trial court's alleged abuse of discretion in refusing to reopen the proofs or the admissibility of testimony of expert medical witnesses.

The judgment of the Court of Appeals is reversed. Defendant shall have costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred with T. M. KAVANAGH, J.